**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

———————————————————x

SKYCAMUSA, LLC,

                            Plaintiff,                      **Case No.:** 1:17-cv-4929

v.

                                          **COMPLAINT**

JAMES OLIVERO,

                           Defendant.              **DEMAND FOR JURY TRIAL**

———————————————————x

        SkyCamUSA, LLC ("SkyCam" or the "Plaintiff"), by and through its undersigned attorneys FALCON, JACOBSON & GERTLER, LLP, as and for its Complaint against James Olivero ("Defendant"), allege upon knowledge to itself and upon information and belief as to all other matters as follows:

<u>**NATURE OF ACTION**</u>

        **1.**       This is a civil action for trademark infringement, unfair competition, breach of contract and fraud arising out of, *inter alia*: (1) Defendant's willful and intentional use, commercialization, and other exploitation of Plaintiff's "SkyCamUSA" name and trademark without the trademark owner's (i.e. Plaintiff's) consent, and with for the undeniable purpose of deceiving and confusing third parties; (2) Defendant's marketing and sale of goods and services identical to those of SkyCam's, leading third parties to mistakenly believe that Defendant's newfound business is endorsed, approved by, or associated with SkyCam when, in fact, Defendant's new venture is in direct competition with SkyCam's established business; and (3) Defendant's willful and intentional breach of independent contractor and nondisclosure

agreements entered into by and between Plaintiff and Defendant.

2.     In brief, Defendant was hired by SkyCam as an independent contractor drone operator and was, in relevant part, tasked with filming sporting events at Madison Square Garden ("MSG").   Defendant committed trademark infringement by establishing a personal bank account bearing the SkyCamUSA name and directing MSG to remit payments due SkyCam to that account. SkyCam has not received any payment in connection with events Defendant worked at MSG as SkyCam's independent contractor.

3.     SkyCam is entitled to all legal, equitable, injunctive and/or financial relief, as requested herein, including the recovery of damages and the imposition of a permanent injunction precluding the Defendant, and the Defendant's agents, representatives, employees and assignees, from using, commercializing, manufacturing, distributing, selling, licensing and/or otherwise exploiting the SkyCam trademark.

## JURISDICTION AND VENUE

4.     This Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because this case involves a federal question arising under the Lanham Act.   The Court also has original and exclusive subject matter jurisdiction over this action pursuant to §1332 as amount in controversy and diversity are met. This Court has supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is properly laid in this District pursuant to 28 U.S.C. § 1391, in that, upon information and belief, the Defendant is subject to personal jurisdiction in this District, transacts business in this judicial District and/or a substantial part of the events giving rise to Plaintiff's causes of action occurred in this District.

## PARTIES

**6.**     SkyCam is a New York limited liability company, maintaining offices at 230 Park Avenue, New York, New York 10069.

**7.**     David Quinones ("David") is the chief executive officer of SkyCam.

**8.**     Plaintiff is informed and believes that the defendant, James Olivero, is a resident of the State of Virginia who regularly transacts business in the State of New York.

**9.**     Defendant was formerly engaged by SkyCam as an independent contractor sales representative and drone operator.

## FACTS COMMON TO ALL COUNTS

### A.  Background

**10.**     SkyCam is a video production company that specializes in aerial media. SkyCam is the east coast leader in capturing and providing drone based aerial media, providing drone and video production services for entertainment purposes for over a decade. SkyCam is also well known for its because of its years of extensive flying and piloting experience.

**11.**     SkyCam specializes in providing close range aerial media for clients in New York City, the tri-state area and throughout the world. Its unique fleet of advanced, maneuverable remote-controlled aircraft captures cutting edge, feature film quality video of live events not achievable by other means.

**12.**     SkyCam's work has been featured on *Good Morning America* and in *Wired* magazine and *Popular Mechanics*.[1]

**13.**     SkyCam's clientele includes major television networks such as ABC, NBC, National Geographic, Discovery Channel, TNT, A&E, Nickelodeon and the Travel Channel,

---

[1] See http://www.skycamusa.com/aerial-photography-video/behind_aerial_video_gallery-shtml/and https://vimeo.com/81021960.

among others.

14.     SkyCam is fully licensed to perform its drone operations per FAA parts 107 and 61.

15.     SkyCam has been using the "SkyCamUSA" mark in commerce, in connection with recording live events by way of unmanned aerial vehicles, since at least October 7,2013.

16.     SkyCam filed a federal trademark application for "SkyCamUSA" on or about May 26, 2017.

## B.  SkyCam Hires the Defendant as an Independent Contractor

17.     In 2011, Defendant lost his previous job at Customer Magnetism, a digital marketing agency located in Virginia Beach, Virginia.

18.     David, who had been friends with the Defendant since elementary school, a period of approximately thirty-one (31) years, offered Defendant a position with SkyCam.

19.     Defendant accepted, executed independent contractor and non-disclosure agreements, and began working for SkyCam.

20.     For approximately five (5) years, Defendant worked as a commissioned independent sales contractor without any issue of impropriety known to SkyCam, leading SkyCam to trust Defendant with sensitive, confidential material such as job and project leads.

21.     Defendant was involved in the intake of leads generated by internet marketing and from a phone service called Ring Central.

22.     The Internet leads were generated by an application on SkyCam's website. A would-be client fills out a form on SkyCam's website, and the lead is transmitted to SkyCam.

23.     Defendant was entrusted receiving these leads and executing the planning of projects with prospective and repeat customers seeking SkyCam's services.

24.      The project and job leads belonged to SkyCam only and that it was a violation of Defendant's independent contractor agreement to divert these leads from SkyCam for personal business development and gain.

25.      In or about 2014, Defendant began to express interest in piloting unmanned aerial vehicles (i.e. drones) for SkyCam.

26.      In or about 2016, Defendant obtained his drone pilot license.

### C.  Representatives of the Madison Square Garden Company Seek to Hire SkyCam for Drone Operations at Sporting Events

27.      On or about September 8, 2016, David received email correspondence from Kristina Cella ("Cella"), manager of entertainment and event presentation for MSG.

28.      Shawn Bennett ("Bennett"), vice president of event presentation for MSG, was copied on the email.

29.      Cella and Bennett expressed interest in hiring SkyCam to operate drones inside the Madison Square Garden Arena during New York Knicks and New York Rangers home games during the 2016-17 seasons.

30.      On September 12th, 2016, David and SkyCam's direction, Defendant, in his capacity as a SkyCam independent contractor, arranged a phone call with Cella and Bennet to discuss the potential job.

31.      During that phone call, MSG expressed interest in hiring SkyCam because of SkyCam's capabilities and years of professional flying experience.

32.      During that phone call, Cella, Bennett or another representative of MSG stated that SkyCam was recommended to MSG by Air Stage, a competitor in the UAV aerial media market that acknowledged SkyCam's leading role in the industry.

33.      SkyCam assigned the Defendant to the MSG job operating drones at Rangers and

Knicks home games, in an attempt to provide its friend with the opportunity to gain practical experience as a licensed drone pilot.

34.     SkyCam entered into a letter agreement with MSG Sports & Entertainment LLC dated October 1, 2016 (the "MSG Contract").

35.     The fully executed copy of the MSG Contract is in Defendant's possession.

36.     SkyCam is informed and believes that the MSG Contract contemplated services in connection with eighty to one hundred events at MSG during the 2016-17 Knicks and Rangers seasons alone.

37.     SkyCam is informed and believes that the Defendant worked all eighty to one hundred events under the MSG Contract.

### D. Defendant Improperly Used the SkyCam Trademark to Divert Payments due SkyCam to his Own Accounts

38.     On or about November 2016, after the MSG Contract was executed and despite SkyCam having begun rendering services, payments were from MSG had not been received by SkyCam.

39.     On or about November 2016, during conversations between David, SkyCam's CEO and the Defendant, Defendant stated that payments had not been received because MSG was not yet ready to remit payment.

40.      On or about December 2016, still not having received any payments from MSG, David asked Defendant for a list of events he worked under the MSG Contract so SkyCam could send additional, updated invoices to MSG.

41.     Defendant stated various reasons why SkyCam had not yet received payment from MSG, all of which were untrue.

42.     Defendant failed to provide SkyCam with the requested list of events he worked.

43.     From on or about December 2016 until May 2017, David continued to question Defendant concerning the MSG Contract and payment thereunder.

44.     Defendant continued to state excuses for MSG's nonpayment, such as that MSG was not a member of the relevant union, or that MSG would pay SkyCam following the end of the Knicks and Rangers 2016-17 season.

45.     In truth, Defendant had obtained direct payment from MSG and improperly used SkyCam's trademark to take amounts due SkyCam as his own.

### E.     Defendant Improperly Continues to Use the SkyCam Trademark

46.     SkyCam is informed and believes that Defendant deceived MSG, and that as a result of the Defendant's actions, MSG remitted amounts it intended to pay to SkyCam to Defendant's personal bank account.

47.     SkyCam is informed and believes that Defendant improperly used SkyCam's trademark, adding it to his personal account as follows: "James Olivero d/b/a SkyCamUSA" (the "Infringing Account").

48.     SkyCam is informed and believes that Defendant directed MSG to remit payment for events serviced under the MSG Contract to the Infringing Account.

49.     SkyCam is informed and believes that MSG or its representatives made payments to the Infringing Account, believing that the account belonged to SkyCam when, in fact, it was a personal account of Defendant's and was in no way associated with SkyCam.

50.     In truth, Defendant had obtained direct payment from MSG and taken SkyCam's proceeds as his own.

51.     On or about May 12, 2017, David received a letter from Defendant purporting to terminate his independent contractor agreement and requesting that future communications from

Plaintiff be made to Defendant's counsel.

52.     On or about May 18, 2017, SkyCam received a letter from Marc Bauman, SVP and Executive Producver for MSG Sports and Entertainment, purporting to terminate the MSG Contract.

53.     SkyCam is informed and believes that Defendant has used and continues to use SkyCam's trademark in the marketplace to his own economic advantage and to the disadvantage of SkyCam.

54.     SkyCam is informed and believes that Defendant has used and continues to use the SkyCam and SkyCamUSA trademarks in his dealing with MSG.

55.      Defendant used SkyCam's intellectual property, good will, reputation, inventory and business leads to usurp the business contact at MSG, to his own economic advantage and to the disadvantage of SkyCam.

56.     Defendant continues to operate in the same industry, market and geographic region as SkyCam.

57.     SkyCam is informed and believes that Defendant may have misappropriated other leads from SkyCam.

58.     SkyCam is informed and believes that Defendant continues to contract with MSG for drone based aerial media and operating services, including providing services at New York Liberty WNBA games.

59.     David, as chief executive officer of SkyCam, has been driven to the brink of bankruptcy due to the actions of Defendant. David had been forced to sell professional drone equipment just to keep SkyCam afloat.

60.     The total sum misappropriated by Defendant cannot be set forth with specificity

and must be determined at trial, but SkyCam is informed and believes that the amount is not less than Two Hundred Thousand Dollars ($200,000.00).

**CAUSES OF ACTION**

**COUNT ONE AGAINST DEFENDANT JAMES OLIVERO:**
**FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. §1125(a))**

61.     Each and every allegation contained in Paragraphs 1 through 60 of this complaint is hereby repeated, re-alleged and reasserted as if fully set forth herein.

62.     Since at least 2013, SkyCam has continuously advertised, promoted and offered services for drone-based aerial media services for live events and related production using the "SkyCam" and "SkyCamUSA" publicly recognized trademarks and names.

63.     As a result of Plaintiff's extensive and continuous use, SkyCam's marks have become well-known, distinctive and famous trademarks and names.

64.     SkyCam is informed and believes that Defendant is offering or is causing to be offered for sale drone-based aerial media services in connection with a mark and name that is identical to or confusingly similar to SkyCam's.

65.     Defendant's infringement of SkyCam's trademark and name is willful and is intended to reap the benefit of Plaintiff's goodwill.

66.     Defendant's conduct constitutes trademark dilution under Section 43(a) of the Lanham Act, 15 U.S.C. §1125.

67.     Defendant is causing and will continue to cause irreparable injury to SkyCam's goodwill and business reputation, and the dilution of the distinctiveness and value of SkyCam's trademark and name entitle SkyCam to injunctive relief.

**COUNT TWO AGAINST DEFENDANT JAMES OLIVERO:**
**FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125(a))**

**68.**     Each and every allegation contained in Paragraphs 1 through 67 of this complaint is hereby repeated, re-alleged and reasserted as if fully set forth herein.

**69.**     Defendant's distribution, marketing, promotion, offering for sale and sale of goods and/or services identical to those offer by SkyCam, under the "James Olivero d/b/a SkyCamUSA" name is confusing similar to SkyCam's, constitutes a false designation of origin and falsely represents that the services offered by Defendant emanates from the same source or origin as Plaintiff's services, or are otherwise sponsored by, approved by or associated with Plaintiff.

**70.**     Defendant's conduct constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**71.**     Defendant's conduct is willful and is intended to reap the benefit of SkyCam's goodwill.

**72.**     SkyCam has been or will be substantially and irreparably injured by Defendant's conduct in that consumers and third parties are likely to be and clearly have been induced into dealing with Defendant in the mistaken belief that Defendant's services are authorized by or emanate from Plaintiff.

**73.**     Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

**74.**     If Defendant's conduct is not restrained and enjoined, SkyCam will continue to suffer substantial and irreparable injury.

**75.**     SkyCam has no adequate remedy at law. SkyCam is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling Defendant to cease all operations in competition with those of SkyCam's.

## COUNT THREE AGAINST DEFENDANT JAMES OLIVERO:
### BREACH OF CONTRACT

**76.** Plaintiff repeats, realleges, and reasserts each and every allegation contained in paragraphs 1 through 75 as though more fully set forth herein, and further alleges:

**77.** The independent contractor agreement and nondisclosure agreements between Defendant and SkyCam both constitute enforceable contracts under New York State law.

**78.** SkyCam, acting in good faith, performed all of its duties in the independent contractor and non-disclosure agreements.

**79.** Defendant breached the independent contractor agreement and non-disclosure agreement by, among other things, engaging in direct competition with SkyCam and exploiting SkyCam's intellectual property for his own, personal benefit.

**80.** Due to Defendant's breaches of the agreements, SkyCam has been damaged in an amount to be determined at trial, but not less than Two Hundred Thousand Dollars ($200,000.00).

## COUNT FOUR AGAINST DEFENDANT JAMES OLIVERO:
### FRAUD

**81.** Plaintiff repeats, realleges, and reasserts each and every allegation contained in paragraphs 1 through 80 as though more fully set forth herein, and further alleges:

**82.** In November 2016, Defendant stated to SkyCam and David that payments had not been received under the MSG Contract because MSG was not yet ready to remit payment.

**83.** In December 2016 through May 2017, Defendant continued to state excuses for MSG's nonpayment to SkyCam and David, such as that MSG was not a member of the relevant union, or that MSG would pay SkyCam following the end of the Knicks and Rangers 2016-17 seasons.

84.     Defendant knew these statements were false when made because, in relevant part, he had been collecting payments directly from MSG.

85.     Plaintiff was justified in relying on Defendant's fraudulent statements because Defendant had been contracted to work for Plaintiff for a number of years prior, and David had known the Defendant for over thirty years.

86.     Due to Defendant's fraud, SkyCam has been damaged in an amount to be determined at trial, but not less than Two Hundred Thousand Dollars ($200,000.00).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE,** Plaintiff prays to the Court for an order or judgment against the Defendant:

**A.**  On the first and second counts, an order preliminarily and permanently enjoining Defendant (and Defendant's agents, servants, employees, successors, administrators, assigns and representatives) from unfairly competing with Plaintiff in violation of 15 U.S.C. §1125(a)(1)(A);

**B.**  An order permanently enjoining the Defendant (and Defendant's agents, servants, employees, successors, administrators, assigns and representatives) from using the trade names "SkyCam", "SkyCamUSA," and/or "James Olivero d/b/a SkyCamUSA", or any other confusingly similar trade name;

**C.**  An order disgorging the Defendant's profits;

**D.**  An order awarding Plaintiff statutory damages, if available;

**E.**  An order compelling Defendant to account to Plaintiff;

**F.**  An order awarding compensatory and punitive damages in an amount to be determined at trial;

**G.**  An order awarding Plaintiff attorneys' fees;

**H.**  On the third count, damaged in an amount to be determined at trial, but not less than

Two Hundred Thousand Dollars ($200,000.00);

**I.**  On the fourth count, damaged in an amount to be determined at trial, but not less than

Two Hundred Thousand Dollars ($200,000.00);

**J.**  Awarding Plaintiff's reasonable attorneys' fees, costs and expenses relating to this

action; and

**K.**  Awarding such other and further relief as to this Court may seem just, proper and

equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff SkyCamUSA LLC hereby demands a jury trial on all issues triable of right by a

jury.

Dated: Rockville Centre, New York
       June 29, 2017

                                        Respectfully submitted,


                                        /s/Paul M. O'Brien_____
                                        Kenneth J. Falcon, Esq. (KF1204)
                                        Paul M. O'Brien, Esq. (PO1990)
                                        Falcon, Jacobson & Gertler, LLP
                                        265 Sunrise Highway
                                        Suite 50
                                        Rockville Centre, NY  11570
                                        (T): (516) 599-0888
                                        ken@fjgllp.com
                                        paul@fjgllp.com
                                        *Attorneys for Plaintiff*